UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00869-JAR |
| ) | |
| TYLER JOHNSON, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Tyler Johnson's "Notice of Removal of State Prosecution" pursuant to 28 U.S.C. § 1443. (Docket No. 1). For the reasons discussed below, defendant's request to remove his ongoing criminal prosecution from Jefferson County Circuit Court must be denied, and this action remanded to the court from which it was removed.

### Background

Defendant is a self-represented litigant who is currently incarcerated at the Jefferson County Jail in Hillsboro, Missouri. He is currently awaiting trial on two counts of first-degree robbery, and two counts of armed criminal action. *State of Missouri v. Johnson*, No. 17-JE-CR02543-01 (23rd Jud. Cir., Jefferson County).

On June 21, 2021, defendant filed his first Notice of Removal of State Prosecution in the United States District Court for the Eastern District of Missouri. *State of Missouri v. Johnson*, No. 4:21-cv-00731-NAB (E.D. Mo.). In the notice, defendant stated that his rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments had been violated. He also asserted that laws had been violated with regard to his right to a speedy trial, his right to due process, the interstate detainer agreement, his ability to confront witnesses, the Brady doctrine, and racial discrimination. More

specifically, defendant accused a "crooked cop" identified as James Jones of manufacturing evidence, falsifying reports, coercing testimony, and using racial epithets against him.

The Court denied defendant's request for removal on June 23, 2021, and remanded the matter back to the Jefferson County Circuit Court. Shortly thereafter, on July 16, 2021, defendant filed the instant Notice of Removal of State Prosecution, which concerns the same state criminal case, along with many of the same allegations.[1]

With regard to the progress of his state criminal case, the Court notes that on December 14, 2021, defendant was ordered to undergo an examination for mental disease or defect pursuant to RSMo §§ 552.020 and 552.030. The report from the Department of Mental Health is still pending.

**Notice of Removal**

Defendant's notice of removal is brought pursuant to 28 U.S.C. § 1443, and seeks to remove *State of Missouri v. Johnson*, No. 17JE-CR02543-01 (23rd Jud. Cir., Jefferson County) to federal court. (Docket No. 1 at 1). In the notice, defendant states that "racially fueled racial discrimination has been used against him by his prejudicial attorney[,] David A. Bruns[,] Margaret Johnson[,] Maren Bierman[,] circuit attorney[,] [the] Missouri Public Defender's Office and ex-officer James Jones." Defendant alleges a denial of his right to due process, right to compulsory process, right to confrontation, his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, his "rights under the Civil Rights Act," and his "rights to disclosure under the Brady doctrine."

---

[1] Defendant appealed the denial of his removal in *State of Missouri v. Johnson*, No. 4:21-cv-00731-NAB (E.D. Mo. July 22, 2021). The Court's decision was summarily affirmed on October 1, 2021. *State of Missouri v. Johnson*, No. 21-2668 (8th Cir. 2021).

With regard to Attorney Bruns, defendant states that Bruns has "displayed racial discrimination against him," making "it impossible to enforce defendant's rights under the Civil Rights Act in state court." Defendant contends that Attorney Bruns has done this by refusing defendant his "rights to due process," his right to confront witnesses, his right to compel process, his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, and his "disclosure rights under the Brady doctrine." (Docket No. 1 at 1-2). He states that when Attorney Bruns visited the jail, he "laughed and made a[n] insinuation and remarks stating that because of [his] race and ethnicity…Bruns would not enforce [his] rights in state court." (Docket No. 1 at 3). Defendant further alleges that Attorney Bruns intentionally refused to depose witnesses, file motions, or enforce compulsory process.

As to Officer Jones, defendant claims that Jones was fired from the Arnold Police Department "for illegal and crooked crimes," and that he racially discriminated against defendant by coercing witnesses to lie. (Docket No. 1 at 2). Defendant further suggests that Officer Jones manufactured a story for "witnesses to follow," thereby fabricating evidence and falsifying the identification process.

Concerning Prosecutor Bierman, defendant states that "racial discrimination has inspired [Bierman] to violate the Civil Rights Act and deny all Brady material," specifically "favorable material." He also concludes that Prosecutor Bierman has intentionally delayed his trial forty-five months in order to prejudice him and impair his defense. Furthermore, defendant states that Prosecutor Bierman has knowingly suppressed favorable evidence, and knowingly used perjured testimony.

Lastly, defendant explains that Margaret Johnson and the Missouri Public Defender's Office are parties in a federal lawsuit, and that there is a conflict of interest because they are

representing defendant's co-defendant, and because they are "still prejudicially involved with appointing a public defender" for him. (Docket No. 1 at 3). Though it is not entirely clear, defendant appears to be alleging that because he has sued the Missouri Public Defender's Officer, "Special Public Defender David Bruns is [a] defendant in the federal lawsuit/federal litigations." Defendant notes that this case has been filed in the Western District of Missouri. However, he has not provided a case number, and the Court has been unable to find a case matching his description.

Based on the foregoing, defendant seeks to remove his criminal prosecution from the Jefferson County Circuit Court to this Court.

## Discussion

Defendant is currently being charged in Missouri state court with two counts of first-degree robbery and two counts of armed criminal action. He seeks to have his criminal case removed from state court to federal court. For the reasons discussed below, the Court will deny defendant's petition for removal.

### A. Removal Under 28 U.S.C. § 1443

Federal law provides a procedure for removing both civil and criminal actions. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions); and 28 U.S.C. § 1455 (procedure for removal of criminal prosecutions). Generally, however, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Federal law provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of

> citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). With regard to the first prong of the test, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id*. As to the second prong, "[t]his provision normally requires that the denial be manifest in a formal expression of state law…such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id*.

Meanwhile, removal under § 1443(2) is only available "to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816.

In this case, 28 U.S.C. § 1443(2) is inapplicable, because defendant provides no indication that anyone involved is a federal officer or person assisting a federal officer in the performance of official duties. Thus, if defendant is to remove his case, he must rely on § 1443(1).

As noted above, to remove a case under § 1443(1), defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." He has not done this. In particular, his broad

5

and conclusory allegations do not show the denial of any right, much less demonstrate that his allegedly denied rights arose under a specific civil rights law stated in terms of racial equality, or that the Jefferson County Circuit Court cannot enforce his federal rights.

With regard to Attorney Bruns, defendant generally states that Bruns made "insinuation[s] and remarks" about his "race and ethnicity," that Bruns would not enforce defendant's rights in state court, and that Bruns has failed to depose witnesses, file motions, or enforce compulsory process. None of this goes to show that defendant is actually being denied any rights or that he cannot enforce a specified right. That is, defendant has not alleged what remarks Attorney Bruns actually made, what witnesses he has failed to depose, what motions he has failed to file, or what he means when he states that Bruns has not enforced compulsory process. Moreover, despite listing numerous purported statutory and constitutional violations, plaintiff has not alleged that the rights denied to him arise under specific civil rights laws. In short, defendant's labels and conclusions are not sufficient to show that Attorney Bruns has denied him a federal right arising under a specific civil rights law, or that the Jefferson County Circuit Court is unable to enforce his rights.

Likewise, as to Prosecutor Bierman, defendant provides no support for the proposition that Bierman was "inspired" by racial discrimination to violate his civil rights or delay his trial. He has also provided no indication as to what "favorable material" Prosecutor Bierman has failed to disclose, or how she has impaired his defense. Rather than providing any facts, or pointing to any specific civil rights laws that have been violated, defendant simply presents a series of conclusions. This is insufficient to demonstrate that he has been denied a federal right arising under a specific civil rights law or that his federal rights cannot be vindicated in state court.

Concerning Margaret Johnson and the Missouri Public Defender's Office, defendant has not made clear what role they have in his state criminal case. He alludes to a conflict of interest,

6

but provides no facts establishing that any conflict of interest is presently denying his federal rights, violating a specific civil rights law stated in terms of racial equality, or creating a situation in which defendant is unable to enforce his federal rights in state court.

Finally, regarding Officer Jones, the Court previously determined that his conclusory allegations about racial discrimination were insufficient to warrant removal. As before, defendant accuses Officer Jones of a host of misdeeds, including coercing witnesses and suborning perjury, without providing any factual detail. None of this adequately shows that he has been denied a federal right arising under a specific civil rights law, that the state court cannot enforce his rights, or that the state court itself has some racial animus against him.

Generally, the vindication of a defendant's federal rights is left to the state courts except in rare situations. More to the point, under 28 U.S.C. § 1443(1), a defendant's state criminal case should remain in state court unless "it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Johnson*, 421 U.S. at 220. Having reviewed defendant's petition for removal, his previous petition for removal, and the filings in his state criminal case, the Court has determined that removal is not warranted. Aside from defendant's unsupported assertions, there is nothing to establish that defendant cannot enforce his federal rights in state court, which is required for removal under 28 U.S.C. § 1443(1).

**B. Remand to State Court**

Defendant has filed a request to remove his criminal case from Jefferson County Circuit Court to this Court. For the reasons discussed above, the Court must deny this request. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be

permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Therefore, the Court remands this matter back to the Jefferson County Circuit Court.

### C. Motion for Leave to Proceed In Forma Pauperis

Defendant has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's action for removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** back to Jefferson County Circuit Court, *State v. Johnson*, No. 17JE-CR02543-01 (23rd Jud. Cir., Jefferson County).

**IT IS FURTHER ORDERED** that an appeal from this remand would not be taken in good faith.

Dated this 13th day of December 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE